09-3614-ag
Huang v. Holder

BIA
Morace, IJ
A098 561 220

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand ten.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges*.

---

WEI HUANG,
> *Petitioner*,

v.                                         09-3614-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

---

| | |
|---|---|
| FOR PETITIONER: | Donglai Yang, The Law Offices of Donglai Yang, LLC, New Orleans, Louisiana. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General, Civil Division; Luis E. Perez, Senior Litigation Counsel, Office of Immigration Litigation; Remi Adalemo, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Huang, a native and citizen of the People's Republic of China, seeks review of an August 11, 2009, order of the BIA affirming the October 31, 2007, decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Huang*, No. A098 561 220 (B.I.A. Aug. 11, 2009), *aff'g* No. A098 561 220 (Immig. Ct. N.Y. City Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Claim Based on Huang's Wife's Abortion

In concluding that Huang failed to establish either past persecution or a well-founded fear of future persecution based on his wife's forced abortion, the BIA found that Huang did not establish that he: (1) resisted China's family planning policy; or (2) was harmed as a result. *See Shi Liang Lin v. Dep't of Justice*, 494 F.3d 296, 301 (2d Cir. 2007). Although Huang argues that he endured emotional pain rising to the level of persecution as a result of his wife's abortion, he does not challenge with any specificity the agency's dispositive findings that he failed to demonstrate that he resisted China's family planning policy or that any harm he endured resulted from any such resistance. *See id.* at 309-10. Thus, the agency reasonably denied his application for asylum on the basis of his family planning claim.

## II. Claim Based on Huang's Practice of Falun Gong

Huang also argues that he established a well-founded fear of persecution based on his practice of Falun Gong in this country. To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is

3

objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). When the applicant's fear of persecution is based on activities undertaken in the United States, he must demonstrate a reasonable possibility that "authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Huang argues that the agency imposed an incorrect burden on him by looking only at whether the Chinese government was currently aware of his practice of Falun Gong, without addressing whether the government was likely to become aware of that practice. To the contrary, the IJ noted that Huang's involvement in the Falun Gong movement consisted of attending a single protest and occasionally distributing flyers. Given the minimal extent of Huang's activities, the IJ reasonably found that Huang's claim was "speculative and mere conjecture," requiring a chain of inferences unsupported by the record. Thus, we find no error in the IJ's determination that Huang failed to meet his burden of proof. *See id.*

Because Huang was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk